✎AO 245B   (Rev. 06/05) Judgment in a Criminal Case
        Sheet 1

# UNITED STATES DISTRICT COURT

### EASTERN   DISTRICT OF   LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>ORLANDO LEE BROWN | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:   09-106 J<br><br>USM Number:  31156-034<br>George Chaney, Asst. FPD, 500 Poydras St, 3rd Fl, New Orleans, LA 70130<br>Defendant's Attorney |

Social Security No.: xxx-xx-4682

**THE DEFENDANT:**

[✔] pleaded guilty to counts 1, 3 and 4  of the Superseding Indictment on MAY 27, 2010.

[ ] pleaded nolo contendere to count(s)     which was accepted by the court.

[ ] was found guilty on count(s)     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Count |
|---|---|---|
| 18 U.S.C. § 844(i),(n) | Conspiracy to Damage and Attempt to Destroy by Fire | 1 |
| 18:844(i) | Maliciously Damaging and Attempting to Destroy by Fire | 3,4 |

      The defendant is sentenced as provided in pages 2 through   4   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) _____

[X] Remaining Counts are dismissed on the motion of the United States.

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JUNE 16, 2011
Date of Imposition of Judgment

Signature of Judge

CARL J. BARBIER, United States District Judge
Name and Title of Judge
JUNE 17, 2011

Date

**COURT REPORTER: CATHY PEPPER**

**ASST. U. S. ATTORNEY: TONY SANDERS**

**PROBATION OFFICER: David L. Arena**

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page  2  of  4

**DEFENDANT:**        **ORLANDO LEE BROWN**
**CASE NUMBER:**      **09-106 J**

## IMPRISONMENT

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 30 months as to each of counts 1, 3 and 4, all such terms to be served concurrently.**

☐   The court makes the following recommendations to the Bureau of Prisons:

☒   **The defendant is remanded to the custody of the United States Marshal.**

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 12:00  noon on
              as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page <u>  3  </u> of <u>  4  </u>

DEFENDANT:       ORLANDO LEE BROWN
CASE NUMBER:     09-106 J

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years as to each of  counts 1, 3 and 4, such terms to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.   The defendant shall comply with all other standard conditions of supervised release as shown below, and shall not commit any federal, state, or local crimes, and shall be prohibited from possessing a firearm, ammunition, destructive device, or any other dangerous weapon.  The defendant shall not possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.  The defendant shall cooperate in the collection of a DNA sample, pursuant to the DNA Analysis Backlog Elimination Act of 2000, and subsequent amendments.

# SPECIAL CONDITIONS OF SUPERVISION

The following special conditions are imposed:
1.  The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.
2.  The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining written permission from the United States Probation Officer.
3.  The defendant shall participate in an orientation and life skills program, as directed by the United States Probation Officer.
4.  The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment, which may include urinalysis testing.  Participation may include inpatient/outpatient treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the United States Probation Officer.  While under supervision, the defendant shall submit to random urinalysis testing, as directed by the United States Probation Officer.
5.  The defendant shall pay any fine/restitution/CJA fee that is imposed by this judgment.
6.  The defendant shall pursue his/her GED or vocational training that will equip him/her for suitable employment as approved by the United States Probation Officer.
7.  The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training, or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earning Statements, and other documentation requested by the United States Probation Officer.
8.  The defendant shall reside in a residential reentry center for a period of 6 months, beginning immediately  upon release.  The defendant shall observe the rules of that facility and contribute to the cost of such confinement to the extent that the defendant is deemed capable by the United States Probation Officer.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

1)      the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)      the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)      the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)      the defendant shall support his or her dependents and meet other family responsibilities;

5)      the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)      the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)      the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)      the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)      the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)     the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B      (Rev. 06/05) Judgment in a Criminal Case
                Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __4__

DEFENDANT:          ORLANDO LEE BROWN
CASE NUMBER:        09-106 J

# CRIMINAL MONETARY PENALTIES

☐   The defendant must pay any imposed fine or restitution under the schedule of payments on Sheet 6.

☐   **The Court finds that the defendant does not have the ability to pay a fine.  The Court will waive the fine in this**

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | **$ 300.00** | **$ -0-** | **$ 573,480.00** |

☑   **The special assessment is due immediately.**

**X**   **Restitution in the amount of $573,480.00 is owed to St. John the Baptist Housing Authority and RSUI Indemnity Co.as shown below.  The defendant who is jointly and severally liable for the damages shall make restitution to the victims; except that no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered all of the compensable injuries. The payment of the restitution shall begin while the defendant is incarcerated.  Upon his release, any unpaid balance shall be paid at a rate of $100.00 per month.  The payment is subject to increase or decrease, depending on the defendant's ability to pay.  The court finds that the defendant does not have the ability to pay interest on the restitution.  The court will waive the interest requirement in this case.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| St. John the Baptist Housing Authority | 276,135.00 | 276,135.00 | |
| RSUI Indemnity Co. | 297,345.54 | 297,345.54 | |
| **TOTALS** | $ 573,480.00 | $ 573,480.00 | |

☐   Restitution amount ordered pursuant to plea _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐   the interest requirement is waived for the        fine      restitution.

   ☐   the interest requirement for the         fine      restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before    April 23, 1996.