# UNITED STATES DISTRICT COURT

EASTERN District of LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
| v. | (For **Revocation** of Probation or Supervised Release) |
| ORLANDO LEE BROWN | Case No.   09-106, SECT. J |
| | USM No.   31156-034 |
| | George Chaney, Jr., Asst. FPD |
| | Defendant's Attorney |

**THE DEFENDANT:**

X   admitted guilt to violation of conditions     (as set forth in rule)     of the term of supervision.

☐   was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| | On June 5, 2013, defendant tested positive for marijuana. | |
| | Defendant missed 24 random drug tests and all treatment sessions. | |
| | Defendant has not reported to his probation officer since July 18, 2013. | |
| | Defendant has not made restitution payments as ordered. | |
| | Defendant has been convicted of illegal possession of stolen things. | |

The defendant is sentenced as provided in pages 2 through _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:   4682

Defendant's Year of Birth:   1981

City and State of Defendant's Residence:
LaPlace, LA

SEPTEMBER 4, 2014
Date of Imposition of Judgment

Signature of Judge

CARL J. BARBIER
Name and Title of Judge

SEPTEMBER 9, 2014
Date

DEFENDANT: ORLANDO LEE BROWN
CASE NUMBER: 09-106, SECT. J

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :
time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations
           Sheet 3 — Supervised Release

Judgment—Page 3 of 4

DEFENDANT: ORLANDO LEE BROWN
CASE NUMBER: 09-106, SECT. J

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
22 months.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      ORLANDO LEE BROWN
CASE NUMBER:    09-106, SECT. J

## ADDITIONAL SUPERVISED RELEASE TERMS

1) The defendant shall reside in a residential reentry center for a period of 6 months, beginning immediately, this date, September 4, 2014. The defendant shall observe the rules of that facility and contribute to the cost of such confinement to the extent that the defendant is deemed capable by the United States Probation Officer.

2) The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment, which may include urinalysis testing. Participation may include inpatient/outpatient treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the United States Probation Officer. While under supervision, the defendant shall submit to random urinalysis testing, as directed by the United States Probation Officer.

2) Restitution: The defendant shall pay restitution in the amount of $572,639.08, at a rate of $100.00 per month.

4) The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training, or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earning Statements, and other documentation requested by the United States Probation Officer. If unemployed, the defendant shall participate in employment readiness programs, as approved by the probation officer.

d

DEFENDANT:
CASE NUMBER:

## SPECIAL CONDITIONS OF SUPERVISION